United States District Court
for the District of Columbia

| | |
|---|---|
| **Dwight Harris** | : |
| **Arlington County Detention Facility** | : |
| **1435 North Courthouse Road** | : |
| **Arlington, Virginia 22201** | : |
| | : |
| **Plaintiff** | : |
| | : |
| v. | : Case No. 1:06CV02257 |
| | :  Judge Collen Kollar-Kotelly |
| **Alvin Goins, Jr.** | : |
| **13401 Doncaster Lane** | : |
| **Silver Spring, Maryland 20904** | : |
| | : |
| **Defendants** | : |

# MOTION TO VACATE AND SET ASIDE DEFAULT

Comes now the Defendant, Alvin E. Goins, Jr. (Defendant), by and through undersigned counsel, and moves this Court for an order vacating and setting aside the default and states:

1. The default should be vacated and set aside for the reasons stated in the points and authorities.

Respectfully submitted,

_____
Reginald L. Holt, 183749
4308 Georgia Avenue, N.W.
Washington, D.C. 20011
202-223-4470

1

**United States District Court**
**for the District of Columbia**

| | |
|---|---|
| **Dwight Harris** | : |
| **Arlington County Detention Facility** | : |
| **1435 North Courthouse Road** | : |
| | : |
| **Plaintiff** | : |
| | : |
| v. | : Case No. 1:06CV02257 |
| | : Judge Collen Kollar-Kotelly |
| **Alvin Goins, Jr.** | : |
| **13401 Doncaster Lane** | : |
| **Silver Spring, Maryland 20904** | : |
| | : |
| **Defendants** | : |

## Points and Authorities

1. The Defendant submits the following points and authorities in support of the motion.

2. Federal Rule of Civil Procedure 55.

3. On December 29, 2006 Plaintiff filed this case, in this Court. On February 1, 2007 he filed this same case, against Goins, in the Superior Court of the District of Columbia. On February 14, 2007, Goins filed a motion to dismiss the case, filed in the Superior Court of the District, alleging the following:

> "6. When a person files a lawsuit, they must bring all of their claims in it. In **Aster Pictures v. Skull**, 64 A.2d 160 (Mun.Ct. of Appeal D.C. 1949) the Court made it clear that a single or entire claim cannot be split into separate claims. See also, **McChesney v. Moore**, 78 A.2d 389, 391 (Mun.Ct. of App. D.C. 1951)**; Chapman v. Potomac**, 159 F.2d 459,460, (D.C. Cir. 1947). Any claim Plaintiff has against Goins, in this lawsuit, is precluded, because *res judicata* applies to every point raised in it that should have been alleged in the case pending in the United States District Court for the District of Columbia. **Pipin v. U.S.,** 31 F.Supp 746 (D.D.C. 1940) *reversed on other grounds*, **Pipin v. U.S.,** 121 F.2d 98 (D.C. Cir. 1940).
> 7. It is clear, after reviewing the allegations in both suits, that Plaintiff was fully aware of the facts that he alleges gives rise to the claim, filed in this Court, when he filed suit in the United States District Court for the District of Columbia. **McChesney**, **Pipin, Astor,** supra and **LeJohn Mfg. V. Webb**, 91 A.l2d 332 (Mun. Ct. of Appeals D.C. 1952), *(A plaintiff who sues for commissions must include all installments due in their lawsuit);*

2

**Keller v. Marvins,** 147 A.2d 872, Mun. Ct. of Appeals D.C. 1959 ), *(A discharged employee may sue only once and at that time recover all present and prospective damages in one lawsuit)*, in support of their position.

8. This case is a prime example of why the *"one-action"* rule was promulgated by the Court in **Keefe v. Americable**, 755 A.2d 469, 476 (D.C. 2000) where it stated,

**" A similar one-action rule applies in medical malpractice actions: …the plaintiff must bring a single suit for all present and future damages flowing from a discrete acts of negligence as soon as he or she becomes aware of some injury on which to base the suit."** See also, **Moattar v. Foxhall**, 694 A2d 435 (D.C. 1997) and **Colbert v. Georgetown**, 641 A.2d 469, 474, D.C. 1994 en banc).

Where, as here, Plaintiff is guilty of splitting his claims, *res judicata* bars any recovery. **Id.**  See also, **Chapman v. Potomac**, 159 F.2d 459, 460 (D.C. Cir. 1947).

9. After reviewing the record as a whole, there's no question that the allegations, in this cause of action were raised, or should have been raised, in Plaintiff's case pending in the United States District Court for the District of Columbia.  Plaintiff's case, in this Court, fails to state a cause of action upon which relief can be granted, and it must be dismissed

1. Dwight Harris, Plaintiff, filed this case on December 29, 2006, alleging breach of contract. When he filed it, he failed to plead that he sustained damages in excess of the $75,000.00 jurisdictional amount required to invoke federal court jurisdiction, warranting of this case."

4. On February 22, 2007, the Plaintiff filed a motion to dismiss this case, in this Court. In his motion he stated, he was dismissing it, because he filed the same case in the Superior Court of the District of Columbia.  The certificate of service, in Plaintiff's motion to dismiss, this case, indicated that he served it on Goins on February 22, 2007.  On March 16, 2007, the Clerk of this Court entered a default, even though Plaintiff had filed a motion to dismiss this case on February 22, 2007. Believing there was no need to file an answer, an answer was mistakenly not filed, because the Plaintiff moved to dismiss his case, in favor of pursuing the same case in the Superior of the District of Columbia.  This motion should be granted, because the Plaintiff moved to dismiss it, before the default was entered.

5. This motion shall also be granted because this Court lacks subject matter jurisdiction over it.  The Federal Courts are courts of limited jurisdiction. In a case involving diversity of citizenship, such as this one, the Plaintiff must demonstrate damages in excess of $75,000.00

3

before the jurisdiction of this Court can be invoked.  **28 U.S.C. § 1332.**  The Plaintiff did not allege damages in excess of $75,000, when he filed this lawsuit. The Plaintiff's alleged damages, for purposes of satisfying the amount in controversy, are determined as of the date the suit is filed, in this case, December 29, 2006. **Worthams v. Atlanta**, 533 F.2d 994, 997 (6th Cir. 1976); **Scherer v. Equitable**, 347 F.3d 394 (2nd Cir. 2003); **Stewart v. Tupperware**, 356 F.3d 335 1st Cir. (Puerto Rico) 2004.  In, **Walker v. Walker**, 267 F. Supp. 2d 31 (D.D.C. 2003) the Court stated:

> "….The amount in controversy is established at the commencement of the action and any subsequent events that may reduce the amount in controversy will not divest the court of jurisdiction ….." quoting **St. Paul Mercury v. Red Cab Co**. 303 U.S. 283, 289 (1938).

When the Plaintiff filed this suit, on December 29, 2006, he failed to allege damages sufficient to satisfy the jurisdictional requirements of this Court. Therefore, the Defendant is entitled to have this case dismissed.

**Wherefore, the premises considered**, the Defendant prays that Court will grant this motion.

Respectfully submitted,

 /s/_____
Reginald L. Holt, 183749
4308 Georgia Avenue, N.W.
Washington, D.C. 20011
202-223-4470

**CERTIFICATE OF SERVICE**

I certify that a copy of this motion was mailed, postage prepaid, this 22nd day of March 2007 to: Dwight Harris, pro se, Arlington County Detention Facility, 1435 North Courthouse Road, Arlington, Va. 22201.

 /s/_____
Reginald L. Holt

4

**United States District Court**
**for the District of Columbia**

| | |
|---|---|
| **Dwight Harris** | : |
| **Arlington County Detention Facility** | : |
| **1435 North Courthouse Road** | : |
| | : |
| **Plaintiff** | : |
| | : |
| v. | : Case No. 1:06CV02257 |
| | : Judge Collen Kollar-Kotelly |
| **Alvin Goins, Jr.** | : |
| **13401 Doncaster Lane** | : |
| **Silver Spring, Maryland 20904** | : |
| | : |
| **Defendants** | : |

# **ORDER**

Upon consideration of the Defendants' Motion To Dismiss, and any opposition thereto, it is this _____day of_____2007,

ORDERED, that the motion is granted and this case is dismissed.

_____
Judge Colleen Kollar-Kotelly

Copies to:

Reginald L. Holt, Esq.
4308 Georgia Avenue, N.W.
Washington, D.C. 20011

Dwight Harris, pro se
Arlington County Detention Facility
1435 North Courthouse Road
Arlington, Va. 22201

5