UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

DWIGHT HARRIS
1435 North Courthouse Rd.
Arlington, Va. 22201

    Plaintiff

**RECEIVED**

MAR 2 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

CIVIL ACTION NO. 06-cv-2257

Vs.

ALVIN GOINS Jr.

    Defendant

## MOTION FOR DEFUALT JUDGEMENT

**MOST HONORABLE JUDGE ,KOTELLY,** I the Plaintiff DWIGHT HARRIS, Pro-se hereby comes before this honorable court praying that this court order a Default Judgment with prejudice against the defendant in this action.

**MOST HONORABLE COLLEN KOLLER-KOTELLY,** the Clerk of the Court has entered a Default in this case against the defendant March 16, 2007, according to Rule 55(a) .

**New York Life Inc. Co. V. Brown 84f F. 3d. 137, 141, (5th Cir. 1996)** *entry of default is made by clerk, once default established by affidavit or other, after which application can be made for judgment upon that defendant.*

Your honor, the defendant has been properly served with the process and this District Court, has jurisdiction over this civil matter [ *quasi-in rem / in rem* ] and personal jurisdiction.

**I ASK**, that this motion for Default Judgment, be granted on the following grounds:

On 1/25/07 Alvin Goins Jr. was served a return of service/ affidavit of the Summons and Complaint executed to the defendant, by law the return answer was due to this court 2/14/07. The United Marshall's mailed the summons and complaint, **certified on** 1/25/07. The defendant had no reason not to comply with the courts order, the attorney's for the defendant can not deny the fact of their acknowledgement of this civil action or thier responsibilities to the court's procedures by not providing an answer to the complaint.

**On 2/14/07 the attorney for the defendant filed a motion in the Superior Court for the District of Columbia, to dismiss a civil complaint I filed against the defendant in this case, the attorney's motion was based on that[** *I have a complaint in the District Court for the District of Columbia* **] " attachment as Exhibit (1) which will clearly state the attorney's acknowledgement of this matter in hand".**

Your honor this motion should be granted according to the lack of civil court procedures and *Fed R. Civil P 55(a)*, where a judgment of default should be entered upon the failure of the defendant to appear or plea at the appropriate time and [ *a default judgment should be entered under statues and rules of the court for want of affidavit of defense, plea, answer and like for failure of what is required by law of the court.* ]

I hope that my above argument along with the foregoing points and authority will be helpful in this courts decision making.

## Points Of Authority

Site and Cases:

**Time Warner Cable of New Yourk City V. Foote, 2002 Wl. 126, 7993, at*4 (E.D.N.Y. 2002) Henderson V. United States, 514, U.S. 654. 672. 116. S.ct 1638, 1648, 134L. Ed. 880 (1995)** *clearly states by the court that the central function of Proof of Service, under rule 4 of the courts law, is to provide the notice that legal action has been filed, and to provide the notice in such manner and at such time that the [ defending party] will have [fair] opportunity to answer the pleading and [raise defense and objection].*

**Town of Milton V. Bruso, 111 vt. 82, 10a. 2d. 203. 25.,** *states, by not answering the complaint [ **an omission of that ought to be done**].*

**Eastwood V. Thomas, 135 Cal App. 435, 27p. 2d. 402,** *clearly state [ **omission of or failure to perform a legal or contractual duty**].*

Your honor, the defendant and his professional attorney's actions by not answering the court's order can not and should not be ruled or regarded as [ **I simply forgot** ] but this court should feel that the defendant has knowingly disregarded the court's rules and the foundation of this court's constitute[ **it's procedures**] , the defendant unresponsiveness should be ruled as *prima facie* [ **fact of face value of this civil action**] because the defendant did not refute, contest or / and deny lawfully or appropriately according to this court's law .

**Most honorable judge** , C. Koller-Kotelly, forthrightly the court has no other choice but to accept the fact that the defendant's actions by not denying the claim in hand and by

not rightfully in the allotted time given to him by federal law answer to the court of the complaint and has neglected and waived his right to refute this civil action. This court should grant this *default judgment*, just on the grounds that he has fixed an elucidated the fact that this civil action is true and factual, which may have been before hand thought to be uncertain or a doubtful complaint before this honorable court.

**I NOW HUMBLY PLEAD**, to this court to grant this motion for [**Default Judgment**] with prejudice, with a judgment order for the defendant to forfeit and turn over a clean and true copy of title and deed to the plaintiff for the dwelling of 4923 New Hampshire Ave. N.W. Washington D.C. and order the defendant to pay in cash the balance of the $500,000,00 after being deducted from a reasonable assessment purchase sum price of the said dwelling above including the closing cost of the dwelling.

I submit this motion March 19, 2007, to this most honorable judge, Collen Koller-Kotelly.

\

**I ASK**, that this motion be granted with prejudice.

I certify that a copy has been mailed first class to the following:

Alvin Goins Jr.
13401 Doncaster Lane,
Silver Spring, Md. 20904

                                        Truthfully and Respectfully Submitted

                                        Mr. Dwight Harris
                                        Arlington County Detention Facility
                                        1435 North Courthouse Road
                                        Arlington Va. 22201

## Superior Court of the District of Columbia
## Civil Division

Dwight Harris  
1435 North Courthouse Road  
Arlington, Virginia 22201  

        Plaintiff  

v.  

Alvin Goins, Jr.  
13401 Doncaster Lane  
Silver Spring, Maryland 20904  

        Defendant  

: Case No. 2007 CA 000916 B  
: Judge Thomas Motley  
: Next Event: May 18, 2007  

### Motion To Dismiss

Comes now the Defendant, Alvin E. Goins, Jr., (Goins), by and through undersigned counsel, and moves this Court for an order dismissing this case.

1. On February 1, 2007 Dwight Harris, (Plaintiff), filed this case, against Goins, alleging, inter alia, breach of contract. On December 29, 2006 Plaintiff filed virtually the same case in the United States District Court for the District of Columbia. A copy of the complaint is attached hereto. **Attachment # 1.** Any cause of action Plaintiff has against Goins, in this case, is pending before the United States District Court for the District of Columbia.

2. Plaintiff's complaint fails to state a cause of action upon which relief can be granted, because the allegations, and issues raised in it, are pending in the United States District Court for the District of Columbia, and *res judicata* bars any recovery from Goins.

3. Goins was unable to ascertain consent, for relief requested, in this motion, before filing it.

## Points and Authorities

Goins submits the following points and authorities in support of the motion

4. The record herein.

5. Superior Court Civil Rule 12-I and 12 (b)(6).

6. When a person files a lawsuit, they must bring all of their claims in it. In **Aster Pictures v. Skull**, 64 A.2d 160 (Mun.Ct. of Appeal D.C. 1949) the Court made it clear that a single or entire claim cannot be split into separate claims. See also, **McChesney v. Moore**, 78 A.2d 389, 391 (Mun.Ct. of App. D.C. 1951**); Chapman v. Potomac**, 159 F.2d 459,460, (D.C. Cir. 1947). Any claim Plaintiff has against Goins, in this lawsuit, is precluded, because *res judicata* applies to every point raised in it that should have been alleged in the case pending in the United States District Court for the District of Columbia. **Pipin v. U.S.**, 31 F.Supp 746 (D.D.C. 1940) *reversed on other grounds*, **Pipin v. U.S.**, 121 F.2d 98 (D.C. Cir. 1940).

7. It is clear, after reviewing the allegations in both suits, that Plaintiff was fully aware of the facts that he alleges gives rise to the claim, filed in this Court, when he filed suit in the United States District Court for the District of Columbia. **McChesney, Pipin, Astor,** supra and **LeJohn Mfg. V. Webb**, 91 A.l2d 332 (Mun. Ct. of Appeals D.C. 1952), *(A plaintiff who sues for commissions must include all installments due in their lawsuit);* **Keller v. Marvins,** 147 A.2d 872, Mun. Ct. of Appeals D.C. 1959 ), *(A discharged employee may sue only once and at that time recover all present and prospective damages in one lawsuit)*, in support of their position.

8. This case is a prime example of why the *"one-action"* rule was promulgated by the Court in **Keefe v. Americable**, 755 A.2d 469, 476 (D.C. 2000) where it stated,

> " A similar one-action rule applies in medical malpractice actions: ...the plaintiff must bring a single suit for all present and future damages flowing from a discrete acts of negligence as soon as he or she becomes aware of some injury on

2

which to base the suit." See also, <u>Moattar v. Foxhall</u>, 694 A2d 435 (D.C. 1997) and <u>Colbert v. Georgetown</u>, 641 A.2d 469, 474, D.C. 1994 en banc).

Where, as here, Plaintiff is guilty of splitting his claims, *res judicata* bars any recovery. <u>Id.</u> See also, <u>Chapman v. Potomac</u>, 159 F.2d 459, 460 (D.C. Cir. 1947).

9. After reviewing the record as a whole, there's no question that the allegations, in this cause of action were raised, or should have been raised, in Plaintiff's case pending in the United States District Court for the District of Columbia. Plaintiff's case, in this Court, fails to state a cause of action upon which relief can be granted, and it must be dismissed.

**Wherefore the premises considered**, Goins prays that this case be dismissed, with prejudice.

Respectfully submitted,

Wendell C. Robinson, 377091
4308 Georgia Avenue, N.W.
Washington, D.C. 20011
202-223-4470

## CERTIFICATE OF SERVICE

I certify that a copy of this answer was mailed, postage prepaid, this 14th day of February 2007 to: Dwight Harris, C/O Arlington County Detention Facility, 1435 North Courthouse Road, Arlington, Va. 22201.

Wendell C. Robinson

3

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DWIGHT HARRIS,<br>1435 N. Courthouse Rd.<br>Arlington, VA 22201<br><br>v<br><br>ALVIN GOINS JR.<br>13401 DONCASTER RD.<br>SILVER SPRING, MD 20904 | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 06-2257<br>)<br>)<br>)<br>) |

## ORDER

ORDER, that this motion is granted.


                                                                    Judge Collen Koller-Kotelly

Copies sent to:
Dwight Harris
1435 N. Courthouse Rd.
Arlington, VA 22201

Wendell Robinson, Esq.
4308 Georgia Ave. NW
Washington, DC 20011

## TO THE UNITED STATES DISTRICT COURT OF THE DISTRICT OF COLUMBIA

Dwight V. Harris )
Arlington County Detention Facility )
1435 N. Courthouse Rd. )
Arlington, VA 22201, )
   Plaintiff )
)
v )Civil Action No. 06CV02257
)
Alvin Goins Jr. )
13401 Doncaster Lane )
Silver Spring, MD 20904 )
   Defendant )
)

RECEIVED

MAR 2 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## AFFIDAVIT IN SUPPORT OF DEFAULT JUDGEMENT

I hereby swear under penalty of perjury, this 21st day of March, 2007, that I am Pro-se litigating this civil action and that no appearance has been entered by the said defendant in this civil action, no pleading has been filed and none served upon the Plaintiff (no extension has been given and the time has lawfully expired). The defendant was given ample time according to the U.S. Courts Statue of Limitation to protest this civil action. The defendant is neither an infant nor an incompetent person. I have enclosed

documentation to support that the defendant and the attorney's for the defendant were more than aware of their responsibilities of answering the complaint and summons.

I respectfully submit this to the Honorable District Court Judge C. Koller-Kotelly.

Respectfully Submitted,

_____
Dwight Harris
Pro Se Plaintiff
1435 North Courthouse Rd.
Arlington, VA 22201

IN THE STATE OF VIRGINIA, COUNTY OF ARLINGTON:

I, the undersigned Notary Public in and for the state of Virginia, do hereby certify that before me appeared _Dwight Harris_ whose name is signed to the foregoing Petition, and acknowledged the same under oath before me. Given under my hand and seal this _21st_ day of _March_, 2007.

_____
Notary Public

My commission expires: 2/28/2010