UNITED STATES DISTRICT COURT OF THE DISTRICT OF COLUMBIA

Dwight Harris
Arlington Det. Fac.
1435 N. Courthouse Rd.
Arlington, Va. 22201

RECEIVED
APR - 4 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

    Vs.

Civil Action No: 062257 CKK

Alvin Goins Jr.
13401 Doncaster Lane
Silver Spring, 20904

## MOTION TO APPEAL ORDER TO VACATE DEFAULT DEFAULT JUDGMENT

**MOST HONORABLE JUDGE** Collen Kollar- Ketelly, in response to your order March 22, 2007, [Dk. No. 12] Vacating a Default Judgment, against the defendant Alvin Goins Jr., I Dwight Harris , Pro- se respectfully submit to your honor that counsel, Reginald Holt, for the defendant Alvin Goins Jr. has blatantly mislead this court through motion by making numerous erroneous assertions and untrue accusation to persuade the court to vacate the Default order. I have attempted to bring to light in the forgoing points and exhibit that I pray will be helpful in your decision making and reconsideration to order a Default Judgment in this case.

**J udge C. Kollar- Kotelly** , I believe the points and authorities which are describe in the defendants motion to vacate the Default Judgment should be ruled as misleading, untrue

and unacceptable.

1)I **APPEAL TO THIS COURT**, and protest the motion to vacate and set aside the

default judgment that Reginald L. Holt the defendant attorney presented to this court in

his motion to vacate the default as points and authority which I find objectionable.

**Your Honor,** on the second page of his motion number (3) points and authority the

attorney stated:

> *On December 29, 2006 plaintiff filed this case in this court. On*
>
> *February 1, 2007 he filed the [ same case ] against Goins, in the*
>
> *Superior Court of the District.*

Your honor, the attorney sited a number of case in reference to [res judicata ].

**Judge Kotelly,** I have enclosed as exhibit (1) the civil complaint I filed in the Superior

Court and you'll see they are not identical as mention in his motion to vacate the Default

Judgment.

Your honor, my claim is more so about the defendant's Breach of Promise of selling me

the dwelling of 4923 New Hampshire Ave. N.W. Wash. D.C. , even though I did ask that

part of the complaint to be vacated. I've enclosed as exhibit (2) for your honors

assessment and ruling. [*Therefore with only part of the complaint being motioned to*

*vacate the defendant still is required by law , procedures and Fed. R 55(a) and is*

*obligated to answer the complaint and summon. ] [ Judge he mislead this court by*

*stating I said I was dismissing this civil case.]*

2) I protest the defendant's points and authority on page (3) of his motion number (1) where he states :

> *Dwight Harris, plaintiff filed this case December 29, 2006 alleging Breach of Contract when he filed it he failed to plead that he sustained damages in excess of $75,000,00 jurisdiction amount required to invoke federal court jurisdiction, warranting of this case.*

**Judge, Kotelly,** again Reginald L. Holt has mislead this court with a untruthful statements to influence the court decision. I have enclosed the original civil action as exhibit (3) that clearly states on the last     page (5) that I the plaintiff is [ *suing Alvin Goins Jr. for $500,000,00 or more for     declarations,specific and compensatory damages* ].

3) I protest the defendants point's and authority  on page (3)  number 4 where he again misleads the court by stating once again ( repetitiously) about I ask the court to dismiss this civil action in your court. [ ***I never ask for my case to be dismissed*** ].

4) I protest the defendant points and  authority on page 3 number 5 where he states this court does not have jurisdiction because my claim is not in excess of $75, 000,00,

[ exhibit (3) on the last page of my complaint clearly state's [ I am suing for $500,000,00 or More ].

Your honor, Reginald L. Holt has repetitiously enclosed the same point of  argument in his motion to have the default vacated with a strategy to fool the court with misleading issues. He has disregarded this court with false intentions.

## SUMMARY FOR APPEAL TO RE-STATE DEFAULT JUDGMENT

**Judge , C. KOLLAR-KOTELLY,** I know that the defendant attorney has easier and faster access to your court's chamber through the automatic e-mail system. I on the other hand must mail my motions through regular mail and pray that it reaches you in a timely matter.

Your honor, I mailed to your most honorable chamber's , a Motion For a Default Judgment , Motion to Dismiss Part of Civil Complaint, Motion to Amend to Civil Complaint, and Motion to be Appointed Pro Bono counsel. I am not sure if they have reach your honor's chamber's but I believe if you would have received them when I first mailed them you would have been able to identify Reginald Hold's deseption to influence this court with misleading information, subsequently your honor, Reginald Holt has displayed abuse and mis-used his privileges and discretion as a license officer of the court and as a member of the BAR. Your honor, I don't know if it is unethical for a lawyer to mislead the court but it should be considered wrong in the eye site of this court.

Your honor, I do understand that I am totally out of my sphere of elements trying to represent my rights as a human being in this court . but I have no other choice, I just hope that this court do not look down on me because of my present disposition being incarcerated.

**I NOW HUMBLY BEG THIS COURT,** TO GRANT THIS APPEAL TO RE-INSTATE THE Default and order a Default Judgment with prejudice.

**I RESPECTFULLY SUBMIT, THIS TO YOUR HONOR, COLLAR KOLLER**

**KOTELLY , on April 2, 2007.**

I certify that a copy has been mailed first class to:


Reginald Holt
4308 Georgia Ave. N.W.
Washington, D.C. 20011

Dwight Harris
Pro-Se - Litigant
1435 North Courthouse Rd.
Arlington Va. 22201

# Exhibit (1)

## TO THE UNITED STATES SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **Dwight V. Harris**<br>**Arlington County Detention Facility**<br>**1435 N. Courthouse Rd.**<br>**Arlington, VA 22201,**<br>  Plaintiff<br><br>**v**<br><br>**Alvin Goins Jr.**<br>**13401 Doncaster Lane**<br>**Silver Spring, MD 20904**<br>  Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Civil Action No.** 07-000916-B |

## CIVIL COMPLAINT

This Civil Law Suit is against Mr. Alvin Goins Jr. of 13401 Doncaster Lane, Silver Spring, MD 20904 for not paying for remodeling service that was done to his personal property located at 4923 New Hampshire Ave., NW, Washington, DC as agreed to in year 2000.

The property was condemned by DCRA, DC Consumers Regulatory Affairs Commission, and the Fire Department of the District of Columbia, because of an electrical fire that took place inside the dwelling that caused major damages to the interior and exterior of the house.

In the month of April 2004, Mr. Alvin Goins Jr. and Ms. Lucy Price asked me to restore the dwelling of 4923 New Hampshire Ave. NW, Washington,

DC and that Mr. Alvin Goins Jr. did agree to pay for my remodeling service or rent the dwelling to me and deduct my fees for my services from the rent I paid for all materials and labor. At that same time, I was already renting a condo from Mr. Alvin Goins Jr. located in SE, Washington, DC. So I didn't have no reason not to trust him.

I restored the dwelling and passed the inspection by DC Housing Codes. Upon the completion and the passing of inspection, the dwelling was granted for living occupancy. Thereafter, Mr. Alvin Goins met me at the said dwelling to negotiate the terms of payment of the work I had done.

Mr. Goins Jr. asked me if I would be interested in buying the house than just renting it, stipulating that he would sale me the house under the condition of renting with the option to buy and that all my fees for the remodeling would go towards the purchase of the house. I agreed to those terms.

That very same month I paid Mr. Alvin Goins Jr. his first month rent with the option to buy in the amount of $800.00 and have paid him the same amount for each month for the past two and one half years.

Mr. Alvin Goins Jr. has refused to give me a contract for sales of the property because I have been incarcerated for the past two and one half years and /or he don't feel he have to stand by his word.

He feels that I am not entitled to the agreement he made with me in 2004,

stating he was selling me the property and ~~thinks he~~ feels that I am not

entitled to be paid for my contracting remodeling services for restoring his

condemned property because I am incarcerated and/or he feels I have no

right as any other individual in society.

I have tried on several occasions to have Mr. Alvin Goins Jr. to settle this

without having to turn to the court but he has refused each term I have set

out to bring this matter to a closure. If this civil action should go to trail I

request a jury trail. I have witnesses , contracts , documentation and receipts

that are indutable and irrefutable beyond a shadow of a doubt to support this

civil action against Mr. Alvin Goins Jr.

I have suffered a great deal from emotional distress , depression and isomnia

do to Alvin Goins Jr.'s malice.

I am now suing Mr. Alvin Goins Jr. for $50,000.00 for my remodeling fee

for restoring the dwelling of 4923 New Hampshire Ave. NW.  I am also

suing Mr. Alvin Goins Jr. for an additional $50,000.00 for pain and suffering

of psychological and compensatory damages.

The total of my law suit against Mr. Alvin Goins Jr. for breach of contract,

psychological, and compensatory damages is in the amount of $100,000.00.

I respectfully submit this civil matter to this most Honorable Superior Court.

DWIGHT V. HARRIS, Pro se
DeptCorr.Of Arlington Va
1435 NORTH COURTS.
COURTHOUSE ROAD
ARLINGTON,D.C. 22201

# Ɛχhibit C²)

## TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**Dwight V. Harris**                    )
**Arlington County Detention Facility** )
**1435 N. Courthouse Rd.**             )
**Arlington, VA 22201,**              )
   **Plaintiff**                     )
**v**                                 )
                       )
**Alvin  Goins Jr.**                   )
**13401 Doncaster Lane**              )
**Silver Spring, MD 20904**           )
   **Defendant**                     )
                      )

                **Civil Action No.06CV02257**

## MOTION TO DISMISS PART OF CIVIL COMPLAINT

This civil complaint is solely against Mr. Alvin Goins Jr. for Breach of Promise and **(A)** Fraud for an agreement he made with me in reference to selling me the dwelling of 4923 New Hampshire Ave. N. W., Washington, DC 20011. **(B)** After I restored the condemned dwelling, **(C)** year of 2004.

My complaint to this Honorable Court is as follows:

In the month of March of the year 2004, while renting a condo unit from Mr. Alvin Goins Jr. in S.E., Washington, DC, I was asked by Ms. Lucy Price, my mother who manages a number of housing projects for Mr. Alvin Goins Jr. if I would be interested in restoring the condemned property that Mr. Alvin Goins Jr. owned at 4923 New Hampshire Ave. N.W., Washington, DC.  The property was listed condemned by the Housing and Fire

Department Authorities of the District of Columbia, because of an electrical fire that took place inside the property.

Ms. Lucy Price stated that Mr. Goins Jr. would rent me the property once I restored the dwelling and that Mr. Goins Jr. agreed that all money(s) invested towards the restorations from my remodeling services would be deducted from my rent or be paid to me after the completion of the job. Ms. Lucy Price wouldn't allow me to do any restoration or remodeling to the dwelling without Mr. Alvin Goins Jr. approval at 4923 New Hampshire Ave. N.W. Washington, DC.

After the completion of restoring the dwelling at 4923 New Hampshire Ave. N.W. Washington, DC for occupancy, Mr. Alvin Goins Jr. met with me at the above said dwelling to discuss the terms of payment for my services and/ or an agreement of me renting the house. Mr. Alvin Goins Jr. was more submissive to selling me the property and asked me if I would be interested in buying the property of 4923 New Hampshire Ave. N.W. Washington, DC, he also stated in this proposal that all money(s) I had invested in restoring the house would go towards the purchase of the house and he also stated that all rent money paid to him would go towards the purchase of the house (He stated the reason why he was selling me the house was because he liked me and that I deserved having my own house). I agreed to the above terms and he stated that he would write me a contract of sale of the property once he had straighten out a small matter concerning the property, which he did not state to me what he matters where but assured me that I was actually buying the property. (That same month I started paying Mr. Goins Mr. his rent with the option to buy). Unfortunately I was arrested and confined to the Department of Corrections, shortly thereafter and never received a written contract from Mr. Alvin Goins Jr. as he stated originally.

Ms. Lucy Price, while managing Mr. Goins Jr. business and properties and being very familiar with his business and the condition stated above, continued to pay Mr. Goins Jr. on my behalf for the last two and a half years while I have been incarcerated with an overall impression that all rent money(s) were to go towards the purchase of buying the house at 4923 New Hampshire Ave. N.W. Washington, DC as originally stated by Mr. Goins Jr. in 2004.

During my incarceration I have on a number of occasions tried to get Mr. Goins Jr. to comply with our original agreement in 2004, by writing me out a sales contract but to no avail. Ms. Lucy Price has tried numerous times but to no avail, she even had a legal for sale contract written up but Mr. Alvin Goins Jr. refused to sign the contract. Thereafter, Mr. Alvin Goins Jr. recognized that his problems of claiming not to sale me the property was not simply going to go away so in turn he presented a what I believed to be an illegal and unfinished memorandum of sales contract for the dwelling of 4923 New Hampshire Ave. N.W. Washington, DC, dated July 6, 2006, knowingly and acknowledging his agreement to selling me the above property.

**( I truly believe Mr. Goins Jr. who claimed to have a license Real Estate Broker Firm, true intention from the start knowing my lack of knowledge in Real Estate sales was to cunningly and fraudulently manipulate me and using my mother influence for his own self gratification to profit from my services and the money(s) I have paid him rent that were to go towards the purchase of the property. I believe he gave willingly false information on his ability to sale the house to me located at 4923 New Hampshire Ave. N.W. Washington, DC as the rightful owner in 2004, I believe this will be revealed if this case goes to trial or in the discovery of evidence).**

I mailed registered letter to Mr. Alvin Goins Jr., on two separate occasions 9-28-006 and 10-16-2006, to resolve the matter above before it became a civil matter that this court have to address but to no avail, he has refused once again to resolve this matter at hand. In good faith, I also proposed to Mr. Goins to pay me just for my services in restoring and remodeling the dwelling at 4923 New Hampshire Ave. N.W. Washington, DC, along with the money(s) I have paid Mr. Goins for the past two and a half years, I didn't include the money that have been spent on work that needed to be done to the house since I have been incarcerated but he has again refused to reach an agreement with me. Mr. Alvin Goins Jr. believes that he does not have to stand his word and agreement because of my present disposition of being incarcerated.

I have suffered a great deal trying to come to terms with Mr. Goins Jr., physically and mentally, thinking of how I have been taken advantage of as a human being by this mischievous, fraudulent and cunning real estate broker.

I have experienced an extreme amount of unwanted stress, anxiety, and insomnia. I have receipts, witnesses and documentation that's beyond reproach that I will present to this Most Honorable Court supporting my civil complaint and to prove to this court that Mr. Goins original intentions was most likely to only profit through his hidden agenda of deception, trickery, and dishonesty.

**I ASK THIS MOST HONORABLE COURT,** to order Mr. Alvin Goins Jr. to stand by his agreement of selling me the house at 4923 New Hampshire Ave. N.W. Washington, DC and **(D)** provide me with a Contract of Sales for the property and that all money(s) from paying rent with the option to buy while I have been incarcerated for the past two and a half years, go towards the purchase sum of the above dwelling.

In good faith to this Most Honorable Court, I am willing to settle this before it reaches the trial stages, but if Mr. Alvin Goins Jr. continue to deny the fact of our agreements concerning (E) him selling me the house at 4923 New Hampshire Ave. N.W. Washington D.C, I motion this honorable court to approve a jury trail.

I am suing Alvin Goins Jr. if this case goes to trail in lieu of $ 500,000,00 **OR MORE,** for(F) psychological, compensatory and specific damages.

Most Honorable Judge, please accept this as a true copy of my complaint and dismiss the remodeling part of this complaint.

I submit this to the court on February 23, 2007.

**I RESPECTFULLY,** submit this motion to **DISMISS PART OF THIS CIVIL COMPLAINT** in this civil complaint.

**I ASK THAT THIS MOTION BE GRANTED**

I certify that a copy has been mailed First Class mail to the following:

Alvin Goins Jr
13401 Doncaster Lane
Silver Spring Md. 20904

RESPECTFULLY

Dwight Harris
1435 North Courthouse Rd.
Arlington Va 22201

Case 1:06-cv-02257-CKK    Document 1    Filed 12/29/2006    Page 1 of 5

## Exhibit (3)

**FILED**

To: UNITED STATE DISTRICT COURT FOR THE DISTICT OF COLUMBIA

DEC 2 9 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Dwight Harris
Arlington County Detention Facility
1435 North Courthouse Road
Arlington, Va. 22201

**Vs**

Alvin Goins Jr.
13401 Doncaster Lane
Sivler Spring, Md. 20904

CASE NUMBER  1:06CV02257

JUDGE: Colleen Kollar-Kotelly

DECK TYPE: Pro se General Civil

DATE STAMP: 12/27/2006

### Civil Complaint

This civil complaint is solely against  Mr. Alvin Goins Jr. for breach of promise in two

matters, one the agreement to sale me the dwelling of 4923 New Hampshire Ave. N.W.

Washington D.C. 20011 and/ or two, the refusal to pay me for my services in remodeling

and restoring of the condemned dwelling at 4923 New Hampshire Ave. N.W.

Washington, D.C. 20011, in the year of 2004.

My complaint is as follow to this most honorable court:

In the month of March of the year 2004, while renting a condo unit from Mr. Alvin Goins

Jr. in S.E. Washington, D.C.  I  was asked by Ms. Lucy Price , my mother who manages

a number of housing projects for Mr. Alvin Goins Jr. if I would be interested in restoring

the condemned property that Mr. Alvin Goins Jr. owned  at 4923 New Hampshire Ave.

N.W. Washington,  D.C.  The property was listed condemned by the Housing and Fire

Department Authorities  of the District of  Columbia , because of a electrical

fire that took place inside the property. **RECEIVED**

NOV 29 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Ms. Lucy Price stated that Ms. Goins Jr. would rent me the property once I restored

the dwelling and that Ms. Goins Jr. agreed that all money (s) invested towards the

restorations from my remodeling services would be deducted from my rent or be paid to

me after the completion of the job.  Ms. Lucy Price, wouldn't allow me to do any

restoration or remodeling to the dwelling without Mr. Alvin Goins Jr. approval at 4923

New Hampshire Ave. N.W. Washington, DC.

After the completion of restoring the dwelling at 4923 New Hampshire Ave, N.W.

Washington, D.C. for occupancy Mr. Alvin Goins Jr. met me at the above said dwelling

to discuss the terms of payment for my services and an agreement of me renting the

house at that time Mr. Alving Goins Jr. was more submissive to selling me the property

and asked me if I would be interested in buying the property of 4923 New Hampshire

Ave. N.W. Washington, D.C., he also stated in this proposal that that all money (s) I've

invested in restoring the house would go towards the purchase of the house and he also

stated that all rent money paid to him would go towards the purchase of the house ( He

stated the reason why he was selling me the house was because he liked me and that I

deserved having my own house) I agreed to the above terms and he stated that he would

write me a contract of sale of the property once he had straighten out a small matter

concerning the property, which he did not state to me what the matters were but assured

me that I was actually buying the property. (That same month I started paying Mr. Goins

Jr. his rent with the option to buy) Unfortunately I was arrested and confined to the

Department of Corrections, shortly there after and never received a written contract from

Mr. Alvin Goins Jr. as he stated originally.

Ms. Lucy Price , while managing Mr. Goins Jr. business and properties and being very familiar with his business and the condition stated above , she continued to pay Mr. Goins Jr. on my behalf for the last two and a half years while I've been incarcerated with an overall impression that all rent money(s) were to go towards the purchase of buying the house at 4923 New Hampshire Ave. N.W. Washington, D.C. as originally stated by Mr. Goins Jr. in 2004.

During my incarceration I have on a number of occasions tried to get Mr. Goins Jr. to comply with our original agreement in year 2004 , by writing me out a sales contract but to no avail. Ms. Lucy Price, have tried numerous time but to no avail, she even had a legal for sale contract written up but Mr. Alvin Goins Jr. refused to sign the contract. Thereafter, Mr. Alvin Goins Jr., recognized that his problems of claiming to sale me the property was not simply going to go away so inturn he present a what I believed to be an *ilegal and unfinished memorandum of sales contract for the dwelling of 4923 New Hampshire Ave. N.W. Washington, D.C. dated July 6, 2006 , knowingly and acknowledging his agreement to selling me the above property.

( I truly believe Mr. Goins Jr. who claimed to have a license Real Estate Broker Firm, true intention from the start knowing my lack of knowledge in Real Estate sales was to cunningly and fraudulently manipulate me and using my mother influence for his own self gratification to profit from my services and the money(s) I've paid him rent that were to go towards the purchase of the property. I believe he gave willingly false information on his ability to sale the house to me located at 4923 New Hampshire, Ave. N.W. Washington, D.C. as the rightful owner in 2004 I believe this will be revealed if this case goes to trial or in the discovery of evidence . )

I mailed registered letter to Mr. Alvin Goins Jr., on two separate occasions 9-28-06 and 10-16-06, to resolve the matter above before it became a civil matter that this court have to address but to no avail, he has refused once again to resolve this matter at hand. In good faith I also proposed to Mr. Goins, to pay me just for my services in restoring and remodeling the the dwelling at 4923 New Hampshire Ave, N.W. Washington, D.C., along with the money(s) I have paid Mr. Goins for the past two and a half years, I didn't include the money that have been spent on work that needed to me done to the house since I've been incarcerated but he has again refused to reach an agreement with me. Mr. Alvin Goins Jr. believes that he do not have to stand my his word and agreement. Because of my present disposition of being incarcerated. He also believes that I am not entitled to be compensated for my remodeling and restoration services.

I have suffer a great deal trying to come to terms with Mr. Goins Jr., physically and mentally, thinking of how I've been taken advantage of as a human being by this mischievous, fraudulent and cunning real estate broker.

I have experience an extreme amount of unwanted stress, anxiety and insomnia.

I have receipts, witnesses and documentation that's beyond reproach that I will present to this most honorable court supporting my civil complaint and to prove to this court that Mr. Goins original intentions was most likely to only profit through his hidden agenda of deception, trickery and dishonesty.

**I ASK THIS MOST HONORABLE COURT**, to order Mr. Alvin Goins Jr. to stand by his agreement of selling me the house at 4923 New Hampshire Ave. N.W. Washington, D.C. and that all money(s) both from paying rent with the option to buy while I've been incarcerated for the past two and a half, and along with the money(s) I initially invested in restoring and remodeling the house for livable occupancy.

In good faith to this most honorable court I am willing to settle this before it reaches the

trial stages , but if Mr. Alvin Goins Jr. continue to deny the fact of our agreements concerning both my remodeling services and investments, I motion this court to approve a jury trial and I am suing Mr. Alvin Goins Jr. if this case goes to trail in lieu of $ 500,000.00  OR MORE, for declarative, specific and compensatory damages. I RESPECTFULLY SUBMIT THIS CIVIL COMPLAINT TO THIS MOST HONORABLE COURT.

Mr. Dwight V. Harris
Arlington County detention
Facility
1435 North Courthouse Rd.
Arlington, Va. 22201

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

DWIGHT HARRIS,          )
1435 N. Courthouse Rd.   )
Arlington, VA 22201      )
                             )
    v                    )  Civil Action No. 06-2257
                             )
ALVIN GOINS JR.        )
13401 DONCASTER RD.   )
SILVER SPRING, MD 20904 )

**<u>ORDER</u>**

ORDER, that this motion is granted.

_____
Judge Collen Koller-Kotelly

Copies sent to:
Dwight Harris
1435 N. Courthouse Rd.
Arlington, VA 22201

Wendell Robinson, Esq.
4308 Georgia Ave. NW
Washington, DC 20011