**United States District Court**
**for the District of Columbia**

| | |
|---|---|
| **Dwight Harris** | : |
| | : |
| **Plaintiff** | : |
| | : |
| and | : Case No. 1:06CV02257 |
| | : Judge Kollar-Kotelly |
| **Alvin E. Goins, Jr.** | : |
| | : |
| **Defendant** | : |

# MOTION TO DISMISS OR IN THE ALTERNATIAVE SUMARY JUDGMENT

Comes now the Defendant, Alvin E. Goins, Jr., (Goins), by and through undersigned counsel and moves this Court for an order dismissing this case and states:

1. Plaintiff filed this case on December 29, 2006 alleging breach of contract, but fails to state the value of the alleged contract, for the work he's alleging Goins contracted for him to do.

2. Plaintiff's failure to plead and establish that he had $75,000 in damages, when he filed his lawsuit warrants dismissal.

**Wherefore the premises considered**, Goins request an order granting this motion, and dismissing this case.

Respectfully submitted,

_____
Wendell C. Robinson, 377091
4308 Georgia Avenue, N.W.
Washington, D.C. 20011
202-223-4470

1

**United States District Court**
**for the District of Columbia**

| | |
|---|---|
| **Dwight Harris** | : |
| | : |
| **Plaintiff** | : |
| | : |
| and | : Case No. 1:06CV02257 |
| | : Judge Kollar-Kotelly |
| **Alvin E. Goins, Jr.** | : |
| | : |
| **Defendant** | : |

## POINTS AND AUTHORITIES

Goins submits the following points and authorities in support of his motion.

3. The record herein.

4. Federal Rule of Civil Procedure 12 and 56.

5. Summary judgment is an extreme remedy and will be granted only when there are no genuine issues of a material fact in dispute and the moving party is entitled to summary judgment as a matter of law. **Celotex Corp. v. Catrett**, 477 U.S. 317 (1986). It is only granted when, after reviewing the record taken as a whole, and after viewing the evidence in the light most favorable to the non-moving party, the Court finds that no rational trier of fact could find for the non-moving party. **Matsushita Elec. Indus. Co. v. Zenith Radio Corp**. 475 U.S. 574 (1986). When deciding a motion for summary judgment drawing legitimate inferences from the facts are for the jury, not the judge. **Anderson v. Liberty Lobby, Inc**., 477 U.S. 242 (1986).

6. Goins is entitled to summary judgment as matter of law because it is undisputed that Plaintiff did not allege $75,000 in damages, when he filed the lawsuit. The Federal Courts are courts of limited jurisdiction. In a case involving diversity of citizenship, such as this one, the Plaintiff must demonstrate damages in excess of $75,000.00 before the jurisdiction of this Court can be invoked. **28 U.S.C. § 1332**. The Plaintiff's alleged damages, for purposes of satisfying

2

the amount in controversy, are determined as of the time the suit is filed, (December 29, 2006). **Worthams v. Atlanta**, 533 F.2d 994, 997 (6th Cir. 1976); **Scherer v. Equitable**, 347 F.3d 394 (2nd Cir. 2003); **Stewart v. Tupperware**, 356 F.3d 335 1st Cir. (Puerto Rico) 2004. In, **Walker v. Walker**, 267 F. Supp. 2d 31 (D.D.C. 2003) the Court stated:

> "….The amount in controversy is established at the commencement of the action and any subsequent events that may reduce the amount in controversy will not divest the court of jurisdiction ….." quoting **St. Paul Mercury v. Red Cab Co.** 303 U.S. 283, 289 (1938).

This means, that the only damages that can be used to determine if the Plaintiff has satisfied the jurisdictional amount, are those that were in existence when he filed his suit on December 29, 2006. The Plaintiff's complaint does not state the value of any alleged contract, or December 29, 2006, the date he filed this lawsuit.

7. The Plaintiff's pleadings speak for themselves, no where in them does he allege that he suffered $75,000.00 in damages as a result of Goins' alleged breach of contract. Where, as here, there is no issue of a material fact, Goins is entitled to summary judgment as a matter of law. **28 U.S.C. § 1332**;. **St. Paul Mercury v. Red Cab Co.** 303 U.S. 283, 289 (1938), **Worthams v. Atlanta**, 533 F.2d 994, 997 (6th Cir. 1976); **Scherer v. Equitable**, 347 F.3d 394 (2nd Cir. 2003); **Stewart v. Tupperware**, 356 F.3d 335 1st Cir. (Puerto Rico 2004); **Walker v. Walker**, 267 F. Supp. 2d 31 (D.D.C. 2003).

**Wherefore, the premises considered**, Goins prays that their motion be granted.

Respectfully submitted,

_____
Wendell C. Robinson, 377091
4308 Georgia Avenue, N.W.
Washington, D.C. 20011
202-223-4470

3

## **CERTIFICATE OF SERVICE**

I certify that a copy of this reply was mailed, postage prepaid, this 11th day of April 2007 to: Dwight Harris, C/O Arlington County Detention Facility, 1435 North Courthouse Road, Arlington, Va. 22201.

_____
Wendell C. Robinson

**United States District Court**
**for the District of Columbia**

| | |
|---|---|
| **Dwight Harris** | : |
| | : |
|     **Plaintiff** | : |
| | : |
|     and | : Case No. 1:06CV02257 |
| | : Judge Kollar-Kotelly |
| **Alvin E. Goins, Jr.** | : |
| | : |
|     **Defendant** | : |

## STATEMENT OF GENUINE ISSUES OF A MATERIAL FACT NOT IN DISPUTE

1. Plaintiff filed this case on December 29, 2006 alleging breach of contract.

2. In cases involving diversity of citizenship, the Plaintiff must demonstrate damages in excess of $75,000.00 before federal jurisdiction can be invoked.

3. The amount in controversy is determined on the date the Plaintiff files their case in federal court.

4. The Plaintiff's pleadings do not state that he sustained $75,000.00 as a result of the alleged breach.

5. The Plaintiff's pleadings do not state that he had sustained $75,000.00, before or on the date he filed this lawsuit.

Respectfully submitted,

_____
Wendell C. Robinson, 377091
4308 Georgia Avenue, N.W.
Washington, D.C. 20011
202-223-4470

5

**United States District Court**
**for the District of Columbia**

| | |
|---|---|
| **Dwight Harris** | : |
| | : |
| **Plaintiff** | : |
| | : |
| and | : Case No. 1:06CV02257 |
| | :  Judge Kollar-Kotelly |
| **Alvin E. Goins, Jr.** | : |
| | : |
| **Defendant** | : |

# ORDER

Upon consideration of the Defendant, Alvin E. Goins' Motion To Dismiss or in the Alternative For Summay Judgment and any opposition thereto, it is this _____day of_____2007,

ORDERED, that the motion is granted and this case is dismissed.

_____
Judge Kollar-Kotelly

Copies to:

Wendell C. Robinson, Esq.
4308 Georgia Avenue, N.W.
Washington, D.C. 20011

Dwight Harris
C/O Arlington County Detention Center
1435 North Courthouse Road
Arlington, Virginia 22201

6