# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**DIGHT HARRIS**
**1435 North Courthouse Rd.**
**Arlington Va, 22201**

                                    **Civil Action No. 1:06-cv-02257**
                                    **Assigned To: Judge, CKK**

       **V.**

**ALVIN GOINS Jr.**
**13401 Doncaster Lane**
**Silver Spring Md. 20904**

**RECEIVED**

JUL 1 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### <u>MOTION TO RE-INSTATE CIVIL ACTION</u>

I the plaintiff Pro-se , ask that this civil action of Breach of Promise and Fraud against

Alvin Goins be re-instated and granted to proceed to trail.

On May 23, 2007, I the plaintiff filed a notice to this honorable court to dismiss this civil

action against the defendant on the account that the Honorable Judge, Thomas Motley, in

the Superior Court, stated that I couldn't legally occupy both the Federal and Superior

courts at the same time in a civil action against the same defendant.

The Honorable Judge, Thomas Motley, dismissed my case before him on May 18, 2007

and after he made further research he found out that he was in error and vacated his

decision and re-instated my case.

I ask that this honorable court re-instate this case on the above grounds. **<u>Because it was</u>**

**<u>the only influence that made me volunteer to have this case dismissed before this</u>**

**<u>honorable court.</u>**

I also must bring to the attention to this court that my case in the Superior Court is not the same as this civil claim the only thing that's similar are the cause of actions.

I have enclosed for this honorable court's view the Sua Sponte Order from the Honorable Judge, Thomas Motley.

I sincerely apologize if I have caused any trouble to this court, asking for re-instatement but I have no other choice but to have this court act on my behalf concerning my civil rights.

I beg this court to grant this motion.

I respectfully submit this to this honorable court on June 27, 2007.

I CERTIFY THAT A COPY HAS BEEN MAILED TO THE FOLLOWING:

Wendell Robinson
4308 Georgia Ave. N.W.
Wash. D.C. 20011

SUBMITTED BY

Dwight Harris
Pro-se Litigant

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

DWIGHT HARRIS,　　　　　　　　　：
　　　　　　　　　　　　　　　　　：
　　　　　　　　Plaintiff,　　　　：　　Civil Action No.:2007 CA 916
　　　　　　　　　　　　　　　　　：　　Judge Motley
v.　　　　　　　　　　　　　　　　：　　Calendar 10
　　　　　　　　　　　　　　　　　：
ALVIN GOINS, JR.　　　　　　　　 ：
　　　　　　　　　　　　　　　　　：
　　　　　　　　Defendant.　　　　 ：

## SUA SPONTE ORDER VACATING THE DISMISSAL OF THE ORIGINAL AND AMENDED COMPLAINT AND REINSTATING THE CASE

Defendant filed a Motion to Dismiss the Original and Amended Complaint and plaintiff's opposition thereto. Defendant moved to dismiss the complaint on the ground that plaintiff has filed the identical lawsuit in United States District Court for the District of Columbia (Case Number 06 CV 02257). On May 18, 2007, this Court granted defendant's motion in open court. For reasons stated herein, this Court now vacates the dismissal of this case and reinstates the case.

## I.　　Background

On December 29, 2006, plaintiff, pro se, filed a complaint in the District Court for the District of Columbia against the instant defendant for breach of promise on two matters: 1) an agreement to sell plaintiff 4923 New Hampshire Avenue, N.W. Washington, D.C., and 2) a refusal to pay for remodeling and renovation of the same property. On February 1, 2007, plaintiff filed the instant complaint in the Superior Court for District of Columbia alleging that defendant failed to pay him for renovations plaintiff performed on the New Hampshire Avenue property owned by defendant.

On February 16, 2007, defendant filed a motion to dismiss the Superior Court complaint because plaintiff had filed the same claim in United States District Court. In response, on March 7, 2007, plaintiff filed a motion to amend the complaint alleging that he and defendant had agreed that in exchange for performing renovations of the property, defendant would allow plaintiff to purchase the New Hampshire Avenue property for a reduced price. In addition, on March 12, 2007, plaintiff filed an opposition to the motion to dismiss. In his opposition, plaintiff stated that his complaint in Superior Court should not be dismissed because he had dismissed "a part of my civil complaint" in federal district court. Based on that representation, this Court denied defendant's motion to dismiss on April 2, 2007, and granted plaintiff's motion to amend the complaint on April 3, 2007.

On April 24, 2007, defendant filed a motion to dismiss the original and amended complaint on the grounds that this second complaint alleges the same facts and seeks the same relief as the case pending in federal court. Defendant argues that plaintiff may not split his claims between District Court and the Superior Court for the District of Columbia.

Oral argument on this matter was held on May 18, 2007. Plaintiff, who is incarcerated at Arlington County Jail in Virginia, participated by telephone. After discussing this matter, this Court orally indicated that dismissal of the Superior Court complaint, without prejudice, was warranted. This Court indicated that a written order was to follow. After further research, this Court has concluded that its initial inclination to grant plaintiff's motion to dismiss was in error.

## II.    Discussion

In his motion to dismiss, defendant relied on Bair v. Bryant, 96 A.2d 508, 509 (D.C. 1953), in which the District of Columbia Court of Appeals ruled that a "single or entire claim cannot be split into separate claims and separate suits maintained thereon." It is clear that plaintiff is attempting to split his claim between Superior Court and the District Court.    The defendant argues that this would result in piecemeal litigation. "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results."    Sheenan v. Koonz, 102 F.Supp.2d 1 (D.C. Cir. 1999) (internal citations and quotation marks omitted).    If the instant case were permitted to go forward in both Superior Court and the District Court, the defendant argues that it is possible plaintiff could receive inconsistent judgments and/or dual judgments.

Although there is some merit to defendant's argument, after close examination this Court concludes that there is no general prohibition to a plaintiff maintaining concurrent lawsuits in Superior Court and federal court.    This Court has not found any District of Columbia law directly on point.    Several other jurisdictions, however, have considered the issue of concurrent state and federal jurisdiction and reached the conclusion that both courts may exercise jurisdiction. See, e.g., City of Newport, TN, et al. v. Masengill Auction Co. and Wyndham H. Gabhart, 19 S.W.3d 789, 794 (Tenn. App. 1999); Huntington Mortgage Co. v. Shanker, 634 N.E.2d 641, 647 (Ohio App. 1993); Padgitt v. Lapeer Cty. Gen. Hospital, 421 N.W.2d 245, 246 (Mich. App. 1988); Green Oaks Apts., Ltd., v. Cannan, 696 S.W.2d 415, 418 (1985).    In particular, courts have noted that "the pendency of a personal action in either a state or a federal court does not

3

entitle the defendant to abatement of a like action in the other." <u>City of Newport</u>, 19 S.W.3d at 794 (emphasis in original omitted). Under this rule, called the "federal rule," suits in state and federal courts may properly proceed simultaneously "at least until judgment is obtained in one of them which may be set up as res judicata in the other." <u>Padgitt</u>, 421 N.W.2d at 246 (citing <u>Princess Lida of Thurn & Taxis v. Thompson</u>, 305 U.S. 456, 466 (1939)); <u>see also</u> <u>Shanker</u>, 634 N.E.2d at 647. Therefore, defendant's concern regarding inconsistent or dual judgments could be addressed by staying one of the matters or by abating the second matter once judgment is obtained in the first matter.

This Court is persuaded that the federal rule applies and therefore vacates its previous dismissal and reinstates this case.

The Court, accordingly, ORDERS that dismissal is hereby vacated and the original and amended complaint is hereby reinstated. It is further ORDERED that a scheduling conference is hereby scheduled for June 14, 2007 at 9:00am.

IT IS SO ORDERED.

<u>May 23, 2007</u>
**Date**

_Thomas J. Motley_

_____
**Thomas J. Motley**
**Judge**

cc:

Wendell C. Robinson, Esq.
Dwight Harris, pro se

4