**United States District Court**
**for the District of Columbia**

| | |
|---|---|
| **Dwight Harris** | : |
| | : |
|     **Plaintiff** | : |
| | : |
| v. | : Case No. 1:06CV02257 |
| | : Judge Kollar-Kotelly |
| **Alvin E. Goins, Jr.** | : |
| | : |
|     **Defendant** | : |

## MOTION TO DISMISS OR IN THE ALTERNATIAVE SUMARY JUDGMENT

Comes now the Defendant, Alvin E. Goins, Jr., (Goins), by and through undersigned counsel, and moves this Court for an order dismissing Dwight Harris', (Plaintiff), case and states:

1. Plaintiff filed this case on December 29, 2006 alleging breach of contract. He amended it, but the amended complaint, like the original one, fails to plead that he had sustained $75,000 in damages, at the time he filed this lawsuit.

2. Plaintiff's own letter, dated October 26, 2006, **Attachment # 1**, written to Goins, demonstrates that his claim was less than $75,000.00 at the time he filed this lawsuit. In that letter, the Plaintiff stated:

"…..So in closing to you Al, please for the sake of your liberty, well being and family honor our original agreement about you saling (sic) me the house, this can be by you writing me a contract of sales (sic) contract fees) (sic) of the dwelling at 4923 New Hampshire Ave (sic) N.W., W.D.C. stating that all money spent "$30,000.00" on restoring the house and all money that Ive (sic) had paid through my mom) to you each month since April of 2004. This contract would be address (sic) in my name not my mother. Or you can pay me for my restorations and remodeling services in the sum of $50,000.00 dollars, buy (sic) the Dec. 1, 2006 deadline for that dwelling at 4923 New Hampshire Ave N.W. WDC.. I await to hear from you hopefully soon, so that we can settle this civil dispute. You can write to me, or you can come see me."

1

The Plaintiff's letter clearly demonstrates that his claim, at the time he filed his amended complaint, is less than the required $75,000.00 to invoke this Court's jurisdiction.

**Wherefore the premises considered**, Goins request an order dismissing this case.

Respectfully submitted,

*s/s Wendell C. Robinson*
Wendell C. Robinson, 377091
4308 Georgia Avenue, N.W.
Washington, D.C. 20011
202-223-4470

**United States District Court**
**for the District of Columbia**

| | | |
|---|---|---|
| **Dwight Harris** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| and | : | Case No. 1:06CV02257 |
| | : | Judge Kollar-Kotelly |
| **Alvin E. Goins, Jr.** | : | |
| | : | |
| **Defendant** | : | |

## POINTS AND AUTHORITIES

Goins submits the following points and authorities in support of his motion.

3. The record herein.

4. Federal Rule of Civil Procedure 12 and 56.

5. Summary judgment is an extreme remedy and will be granted only when there are no genuine issues of a material fact in dispute and the moving party is entitled to summary judgment as a matter of law. **Celotex Corp. v. Catrett**, 477 U.S. 317 (1986). It is only granted when, after reviewing the record taken as a whole, and after viewing the evidence in the light most favorable to the non-moving party, the Court finds that no rational trier of fact could find for the non-moving party. **Matsushita Elec. Indus. Co. v. Zenith Radio Corp**. 475 U.S. 574 (1986). When deciding a motion for summary judgment drawing legitimate inferences from the facts are for the jury, not the judge. **Anderson v. Liberty Lobby, Inc**., 477 U. S. 242 (1986).

6. Goins is entitled to summary judgment, as matter of law, because it is undisputed that the Plaintiff did not allege that he had sustained $75,000 in damages, at the time he filed this lawsuit. The Federal Courts are courts of limited jurisdiction. In a case involving diversity of citizenship, such as this one, the Plaintiff must demonstrate damages in excess of $75,000.00 before the jurisdiction of this Court can be invoked. **28 U.S.C. § 1332**. The Plaintiff's alleged

3

damages, for purposes of satisfying the amount in controversy, are determined as of date the amended complaint was filed. **Worthams v. Atlanta**, 533 F.2d 994, 997 (6th Cir. 1976); **Scherer v. Equitable**, 347 F.3d 394 (2nd Cir. 2003); **Stewart v. Tupperware**, 356 F.3d 335 1st Cir. (Puerto Rico) 2004. In, **Walker v. Walker**, 267 F. Supp. 2d 31 (D.D.C. 2003) the Court stated:

> "….The amount in controversy is established at the commencement of the action and any subsequent events that may reduce the amount in controversy will not divest the court of jurisdiction ….." quoting **St. Paul Mercury v. Red Cab Co**. 303 U.S. 283, 289 (1938).

This means, that the only damages that can be used to determine if the Plaintiff has satisfied the jurisdictional amount, are those that were in existence when he filed his amended complaint. The Plaintiff's amended complaint does not state the value of the contract he alleges he had with Goins' when he filed his amended complaint.

7. The Plaintiff's letter to Goins dated, October 6, 2006, speaks for itself. In it, Plaintiff states that he spent $30,000.00 remodeling Goins property. He stated that he wanted that money, and the money from April 2004, that his mother was paying Goins rent for Plaintiff to live at: 4923 New Hampshire Avenue, N.W. Washington, D.C. Assuming this is correct, then whether Plaintiff met the $75,000.00 jurisdiction amount in controversy is determined by adding the $30,000.00 plus the rent Harris' mother allegedly paid Goins from April 2004 to February 2007, the date Plaintiff filed his amended complaint. The rent, at $800.00 a month, pursuant to the lease, for 4923 New Hampshire Avenue, N.W. Washington, D.C., **Attachment # 2**, is calculated as follows:

|  |  |
|---|---|
| April 2004 to April 2005. | $ 9,600.00 |
| April 2005 to April 2006. | $ 9,600.00 |
| April 2006 to Feb. 2007. | $ 8,000.00 |
| Total rent from April 2004 to February 2007. | $27,200.00 |
| Damages Plaintiff alleges he spent remodeling the house. | $30,000.00 |
| Total of Plaintiff's damages at the time he filed the amended complaint. | $57,200.00 |
| Total needed to invoke the jurisdiction of this Court. | $75,000.00 |

4

**Amount Plaintiff is short.**                                                                                          **$17,000.00**

    8. Where, as here, there is no issue of a genuine issue of a material fact, that the Plaintiff failed to meet the jurisdictional requirements to invoke this Court's jurisdiction, Goins is entitled to summary judgment as a matter of law. **28 U.S.C. § 1332**;. **St. Paul Mercury v. Red Cab Co**. 303 U.S. 283, 289 (1938), **Worthams v. Atlanta**, 533 F.2d 994, 997 (6th Cir. 1976); **Scherer v. Equitable**, 347 F.3d 394 (2nd Cir. 2003); **Stewart v. Tupperware**, 356 F.3d 335 1st Cir. (Puerto Rico 2004); **Walker v. Walker**, 267 F. Supp. 2d 31 (D.D.C. 2003).

**Wherefore, the premises considered**, Goins prays that this motion be granted.

                                  Respectfully submitted,

                                  *s/s Wendell C. Robinson*
                                  Wendell C. Robinson, 377091
                                  4308 Georgia Avenue, N.W.
                                  Washington, D.C. 20011
                                  202-223-4470

**CERTIFICATE OF SERVICE**

   I certify that a copy of this reply was mailed, postage prepaid, this 18th day of February 2008 to: Dwight Harris, C/O Montgomery County Correctional Facility, 22880 Whelan Lane, Boyds, Md. 20841.

                                  *s/s Wendell C. Robinson*
                                  Wendell C. Robinson

**United States District Court**
**for the District of Columbia**

| | |
|---|---|
| **Dwight Harris** | : |
| | : |
| **Plaintiff** | : |
| | : |
| and | : Case No. 1:06CV02257 |
| | : Judge Kollar-Kotelly |
| **Alvin E. Goins, Jr.** | : |
| | : |
| **Defendant** | : |

# STATEMENT OF GENUINE ISSUES OF A MATERIAL FACT NOT IN DISPUTE

1. Plaintiff filed this case on December 29, 2006, alleging breach of contract. He amended it in February of 2007.

2. In cases involving diversity of citizenship, the Plaintiff must demonstrate damages in excess of $75,000.00 before federal jurisdiction can be invoked.

3. The $75,000.00 amount in controversy must have been sustained, on or before the date the Plaintiff files his amended complaint.

4. The Plaintiff's letter to Goins dated, October 16, 2006, states that his damages, for remodeling the house is: $30,000.00,

5. The Plaintiff's letter to Goins dated, October 16, 2006, states that he wants: the $30,000.00, for remodeling Goins's house, and the money his mother paid Goins for rent, for Plaintiff to live at: 4923 New Hampshire Avenue, N.W. Washington, D.C., from April 2004 to February 2007.

6. The amount of Plaintiff's claim is determined by adding: $30,000.00, claimed for remodeling 4923 New Hampshire Avenue, N.W. Washington, D.C., plus the rent paid from April 2004 to February 2007, at $800.00 per month, per the lease agreement, totaling

6

$27,200.00, leaving the Plaintiff $17,800.00 short of the required $75,000.00 to invoke this Court's jurisdiction.

    7. The Plaintiff, in his letter to Goins dated, October 16, 2006, states that he would take $50.000.00 for the restorations and his remodeling services.

                                       Respectfully submitted,

                                       *s/s Wendell C. Robinson*
Wendell C. Robinson, 377091
4308 Georgia Avenue, N.W.
Washington, D.C. 20011
202-223-4470

**United States District Court**
**for the District of Columbia**

| | |
|---|---|
| **Dwight Harris** : | |
| : | |
| **Plaintiff** : | |
| : | |
| and : | Case No. 1:06CV02257 |
| : | Judge Kollar-Kotelly |
| **Alvin E. Goins, Jr.** : | |
| : | |
| **Defendant** : | |

# ORDER

Upon consideration of the Defendant, Alvin E. Goins' Motion To Dismiss or in the Alternative For Summary Judgment and any opposition thereto, it is this _____ day of _____ 2008,

ORDERED, that the motion is granted and this case is dismissed.

_____
Judge Kollar-Kotelly

Copies to:

Wendell C. Robinson, Esq.
4308 Georgia Avenue, N.W.
Washington, D.C. 20011

Dwight Harris
C/O Montgomery County Correctional Facility,
22880 Whelan Lane
 Boyds, Md. 20841.

8