**United Stated District Court**
**For the District of Columbia**

| | |
|---|---|
| Dwight Harris | : |
| | : |
|     Plaintiff | : |
| | : |
| v. | : 06 CV 2257 CKK |
| | : |
| Alvin E. Goins | : |
| | : |
|     Defendant | : |

**Opposition To Plaintiff's Motion For Summary Judgment**

    Comes now the Defendant, Alvin E. Goins, Goins, by and through undersigned counsel, and opposes the motion for summary judgment and states:

    1. The Plaintiff moves for summary judgment alleging that he met with Goins during the last week in April of 2004; and, during that meeting, they entered into an oral contract, for Plaintiff to make repairs to Goins' property located at: 4923 New Hampshire Avenue, N.W. Washington, D.C. According to the Plaintiff, during that meeting, Goins agreed as follows: 1). To pay him $50,000.00 to remodel 4923 New Hampshire Avenue, N.W. Washington, D.C., 2). That the $50,000.00 would go to the purchase of the subject property, 3). that the monthly rent of $800.00 would go towards the purchase of the house, and 4) that Goins' agreed to sell him the house for $290,000.00.

    2. The Defendant alleges that Goins promised to give him a written contract but failed to do so because Goins was engaged in fraud.

    3. Summary judgment is an extreme remedy and will be granted only when there are no genuine issues of a material fact in dispute and the moving party is entitled to summary judgment as a matter of law. **Celotex Corp. v. Catrett**, 477 U.S. 317 (1986). It is only granted when, after reviewing the record taken as a whole, and after viewing the evidence in the light most favorable to the non-moving party, the Court finds that no rational trier of fact could find for the non-

1

moving party. **Matsushita Elec. Indus. Co. v. Zenith Radio Corp**. 475 U.S. 574 (1986); **National v. Hyatt**, 894 A.2d 471 (D.C. 2006. When deciding a motion for summary judgment, drawing legitimate inferences from the facts are for the jury, not the judge. **Anderson v. Liberty Lobby, Inc**., 477 U.S. 242 (1986). The Plaintiff, in his motion, fails to plead that there are no genuine issues of a material fact in dispute and that he is entitled to summary judgment as matter of law. A review of the Plaintiff's motion demonstrates that his motion must be denied.

    4. The Plaintiff's motion makes reference to a number of federal statutes, federal cases, D.C. statutes and DC cases that do not warrant granting him summary judgment.

    5. The Plaintiff's motion has a number of attachments, to it. The first one is labeled, "Job Invoice" Exhibit (2). It contains entries for items, but not receipts for them. The next one Exhibit (3) is another "Job Invoice" for $350.00 and $420.00 that Plaintiff alleges was paid in full, but those invoices are not for work the Plaintiff performed, but for work performed by Robert Brice. This attachment also contains three (3) paid receipts for work by Castle Wholesalers, for work, it appears was performed at: 820 Randolph St. N.W. Washington, D.C. This property is unrelated to this litigation. This same attachment also contains two cash receipts from an unknown source. One for $4.55 and the other for $49.86.

    6. The Plaintiff's exhibit 4, is a letter he wrote, to Goins, seeking to "blackmail" him with threats of potential criminal liability if Goins did not pay him.

    7. The Plaintiff's exhibit 5 does not warrant granting him summary judgment. First, it allegedly signed on July 6, 2006. It request a response within five (5) days of the July 6, 2006 or the offer is void. The document does not list a purchase price, but only references a down payment, and that if settlement does not take place within six (6) months, any money paid will be refunded, minus the rent payments due for the six (6) months, and if settlement does not take

place, within six (6) months, Plaintiff agreed to vacate property and any and all contracts, leases, and associated agreements will become null and void. Payment of refunded down payment will occur when the property has been completely vacated. The Plaintiff did not go to settlement and the alleged draft memorandum of offer for sale is null and void.

8. The Plaintiff's final exhibit (6) is an excerpt from the lawsuit filed in this case. Goins does not understand how it warrants granting Plaintiff summary judgment.

9. Plaintiff's motion fails to state that there no genuine issues of a material fact and that he is entitled to summary judgment as a matter of law, as required by Federal Rule of Civil Procedure Rule. The Plaintiff's failure to plead this, with supporting documentation, renders his motion fatally defective **Id**. See also, Rule 56, and his motion must be denied

**Wherefore the premises considered**, Goins prays that the motion for summary judgment be denied.

Respectfully submitted,

*/s/ Wendell C. Robinson*
Wendell C. Robinson, 377091
4308 Georgia Avenue, N.W.
Washington, D.C. 20011
202-223-4470

## Certificate of Service

I certify that a copy of this opposition to the Plaintiff's motion for summary judgment motion was mailed postage prepaid, this 14th day of April 2008, to: Dwight Harris, C/O Montgomery County Correctional Facilyt, 22880 Whelan Lane, Boyds, Md. 20841.

*/s/ Wendell C. Robinson*

3

**United Stated District Court**
**For the District of Columbia**

| | |
|---|---|
| Dwight Harris | : |
| | : |
|     Plaintiff | : |
| | : |
|     vi. | :   06 CV 2257 CKK |
| | : |
| Alvin E. Goins | : |
| | : |
|     Defendant | : |

## **Statement of Genuine Issues Of A Material Fact That Are Not In Dispute**

Goins submits the following statement of genuine issues of a material fact that are in dispute as plead in the Plaintiff's motion:

1. The Plaintiff's attachments, that is: his letter, to Goins, and the attachments, to his motion, raise genuine issues of a material fact; the truth of which must be determined by a finder of fact, and not the Court, therefore, the Plaintiff is not entitled to summary judgment as a matter of law.

2. The Plaintiff's motion is also inappropriate because it is an alleged oral contract which, in the District of Columbia, violates the Statutes of Fraud, because an interest in real property must be evidenced in writing.

                              Respectfully submitted,

                              *s/s Wendell C. Robinson*

                              Wendell C. Robinson, 377091
                              4308 Georgia Avenue, N.W.
                              Washington, D.C. 20011
                              202-223-4470