IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| DWIGHT V. HARRIS<br><br>    Plaintiff,<br><br>v.<br><br>ALVIN GOINS, JR.<br><br>    Defendant. | Case No.:1:06-cv-02257-CKK |

**PLAINTIFF'S MOTION
<u>FOR LEAVE TO FILE AMENDED COMPLAINT</u>**

Plaintiff Dwight Harris, through his undersigned counsel, respectfully move this Court for entry of an Order in the form attached granting Plaintiff leave to file his Amended Complaint, attached as Exhibit A to the accompanying Memorandum of Law, and instructing the Clerk of Court to enter the Amended Complaint in the record.

Plaintiff relies on the attached Memorandum of Law in support of its Motion.

Plaintiff has conferred with Defendant's counsel. Defendant will oppose this motion.

DATED: August 14, 2008                Respectfully submitted,

_____
Geoffrey P. Gitner (D.C. Bar No. 176479)
Law Offices of Geoffrey P. Gitner
Watergate, Twelfth Floor
600 New Hampshire Ave., N.W.
Washington, D.C. 20037
Ph: (202) 772-5926

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| DWIGHT V. HARRIS<br><br>    Plaintiff,<br><br>v.<br><br>ALFRED GOINS, JR.<br><br><br>    Defendant. | Case No.:1:06-cv-02257-CKK |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiff Dwight Harris respectfully submits this memorandum of law in support of his Motion for Leave to File Amended Complaint.

### FACTUAL AND PROCEDURAL BACKGROUND

On December 29, 2009, the Plaintiff, appearing *pro se* filed a Complaint in this action. Plaintiff is incarcerated in the Montgomery Count Correctional Facility for criminal violations. Plaintiff has no legal education or training.

On June 18, 2008, the Court granted the Plaintiff's motion to proceed *in forma pauperis* and undersigned counsel was appointed from the Court's *pro bono* panel to represent the Plaintiff.

Undersigned counsel has consulted with the Plaintiff and conducted an investigation of the Plaintiff's claims. Appointment of counsel has afforded the Plaintiff with the opportunity to articulate and plead his causes of actions with greater particularity.

## ARGUMENT

### A. Leave to Amend is Freely Granted.

The Court should freely grant leave to file an amended complaint when justice so requires. Fed. R. Civ. P. 15(a). Thus, courts should grant leave to file an amended complaint unless there is some reason to deny leave, such as undue delay, bad faith, undue prejudice, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

### B. The Court Should Grant the Motion to Amend the Complaint.

Permission to file the proposed Amended Complaint will focus the issues and promote judicial economy and justice, will not unduly prejudice the defendant and facilitate a decision on the merits rather than technicalities.

Fed. R. Civ. P. 1 provides that courts are to apply the civil rules to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 15(a)(2) states: "The court should freely give leave when justice so requires." *See also Federal Election Comm'n v. Legi-Tech, Inc.*, 75 F.3d 704, 705 (D.C.Cir. 1996) (court has substantial discretion to allow amendment).

## CONCLUSION

For all the reasons set forth above, this Court should grant Plaintiff's Motion for leave to file its Amended Complaint.

DATED: August 14, 2008

Respectfully submitted,

Geoffrey P. Gitner (D.C. Bar No. 176479)
Law Offices of Geoffrey P. Gitner
Watergate, Twelfth Floor
600 New Hampshire Ave., N.W.
Washington, D.C. 20037
Ph: (202) 772-5926

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| DWIGHT V. HARRIS<br><br>**Plaintiff,**<br><br>v.<br><br>ALVIN GOINS, JR.<br><br><br>**Defendant.** | Case No.:1:06-cv-02257-CKK |

**[PROPOSED] AMENDED COMPLAINT**

COMES NOW the Plaintiff, Dwight V. Harris, by counsel, and move this Honorable Court for judgment against Defendant Alvin Goins, Jr. on the grounds and in the amounts as set forth below.

**JURISDICTION AND VENUE**

1. Jurisdiction of this matter is founded upon diversity of citizenship under 28 U.S.C. § 1332.

2. The amount of the matters in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars. ($75,000).

3. Venue in this District is proper under 28 U.S.C. § 1391 because, among other reasons, a substantial part of the wrongful acts alleged herein were carried out within the District of Columbia, Plaintiffs suffered injury within the District and the Defendant conducts and transacts business within this District.

**PARTIES**

4.   Plaintiff, Dwight Harris ("Harris") is an adult citizen of the District of Columbia who is presently incarcerated in the Montgomery County Detention Center.

5.   Defendant Alfred Goins ("Emery") is an adult citizen of the State of Maryland.

## FACTS COMMON TO ALL COUNTS

6.   In March 2004 Goins inquired if Harris would be interested in renovating an abandoned property that Goins owned at 4923 New Hampshire Ave., N.W., Washington, D.C. (the "Property").

7.   The Property had been condemned by the District of Columbia and was in need of substantial repair.

8.   On or about March 2004, Goins agreed that if Harris would renovate the Property that Harris would be permitted to live at the Property rent-free during renovation.

9.   Goins further agreed that after renovation, Harris could live at the property and that any monies and time invested by Harris toward the renovations would be deducted from Harris' rent, or if Harris chose not to rent the Property, Goins would pay Harris a lump-sum of the monies invested by Harris for his renovation.

10.   Through the remainder of 2004, Harris renovated the Property investing his own money and time, valued in excess of $50,000.00.

11.   After Harris completed the renovations, he and Goins met and discussed the possibility of Harris purchasing the Property. Goins and Harris agreed that Harris would purchase the Property and Harris would receive a credit toward the purchase price the value of the time and monies that Harris had invested in renovating the Property , as well as all rents that Goins would receive from renting the Property.  This agreement was memorialized in a lease

with an option to purchase (the "Agreement"). Goins agreed to sell the Property to Harris for a purchase price of $290,000.00.

12. Beginning on or about April, 2004 Harris began to reside at the Property and pay Goins monthly rent of $800.00 per month, said sum to be applied against the purchase price of the Property.

13. Harris completed the renovation of the Property.

14. On or September, 2004 Harris was arrested and incarcerated and has been incarcerated since that time..

15. Despite his incarceration, Harris continued to pay Goins a monthly rent of $800.00.

16. Through July 2007, Harris paid Goins $32,000 in monthly rents.

17. Beginning in July, 2007, Goins returned Harris' rental checks, and otherwise refused to accept them.

18. Despite demand, Goins has refused to transfer title to Harris and refused to reimburse Harris for the money and time Harris invested in renovating the Property, and for the rents Harris paid to be applied toward purchase of the Property.

**COUNT I**
(Specific Performance)

19. Plaintiffs incorporate herein by reference the allegations contained in paragraphs 1 through 18 of this Complaint, and further allege against Defendant as follows:

20. At all times relevant, Harris has been ready, willing and able to perform under the terms of the Agreement.

21. Goins has breached the Agreement by failing to continue to accept Harris' rental payments under the lease with an option to purchase, or to transfer title to Harris.

3

22. Harris remains ready, willing and able to continue to make the rental payments on the Property to be applied to the purchase price and at such time as the purchase price has been paid in full to complete transfer of title from Goins to Harris.

23. Harris has no adequate remedy at law.

Wherefore, Plaintiff Harris demands judgment that the Contract of Sale between the parties to be specifically enforced, and that Defendant Goins be ordered to accept Harris' rental checks until such time as Harris has completed payment of the purchase prices and that Goins be further ordered at that point to transfer title and possession of the aforesaid Property to Plaintiff, and for such other relief as the Court deems proper.

## COUNT II
(Breach of Contract)

24. Plaintiffs incorporate herein by reference the allegations contained in paragraphs 1 through 23 of this Complaint, and further allege against Defendant as follows:

25. On or around May 1, 2004 Goins and Harris entered into the Agreement whereby Goins agreed to sell Harris the Property and give Harris a credit for all monies and time expended by Harris in renovating the Property, all rents paid by Harris in renting the Property, and for all rentals received by Goins for the Property.

26. In July, 2007, Goins began to refuse to accept Harris' rental payments and has ignored Harris' rights under the Agreement.

27. By refusing to continue to accept Harris' rental payments as credits toward the acquisition of the Property Goins has breached the Agreement.

28. As a proximate cause of Goins breach of the Agreement, Harris has suffered monetary damages, including but not limited to, loss of Harris' investment of time and money in renovating the Property, Harris' rental payments toward purchase of the Property, the

appreciation in value of the Property since March 2004, and Harris lost use of monies paid to Goins under the Agreement.

29. As a consequence, Harris has sustained damages in excess of $75,000, the exact amount to be proven at trial.

WHEREFORE, Plaintiff demands judgment against Defendant for monetary damages in access of $75,000, the exact amount to be proven at trial, plus pre-judgment interest, costs and attorneys fees.

## COUNT III
(Unjust Enrichment)

30. Plaintiffs incorporate herein by reference the allegations contained in paragraphs 1 through 29 of this Complaint, and further allege against Defendant as follows:

31. Goins has been unjustly enriched by accepting Harris' renovation of the Property, Harris' time spent in renovating the Property and in accepting Harris rental checks through July, 2007.

32. Pursuant to Goins' promises and requests, Harris conferred a valuable monetary benefit on Goins, including but not limited to, Harris' renovation of the Property, Harris' rental payments to carry the Property and the appreciation in the value of the Property.

33. Goins was aware that Harris was conferring a benefit on Goins by renovating the Property and paying Goins monies toward the purchase of the Property, which payments permitted Goins to carry the Property as it appreciated in value.

34. Goins received and accepted the benefits that Harris conferred, but then refused to honor the Agreement as promised.

35. It would be inequitable to allow Goins to retain the benefit bestowed by Harris without paying Harris for the monies and time invested and the appreciation in the value of the Property.

36. Goins would be unjustly enriched if he were allowed to retain the benefits bestowed by Harris as detailed in the foregoing paragraphs.

WHEREFORE, Plaintiff demands judgment against Defendant for monetary damages in access of $75,000, the exact amount to be proven at trial, plus pre-judgment interest, costs and attorneys fees.

### COUNT IV
(Actual Fraud)

37. Plaintiffs incorporate herein by reference the allegations contained in paragraphs 1 through 36 of this Complaint, and further allege against Defendant as follows:

38. Goins made representations of material fact to Harris, in that Goins represented that he would sell the Property to Harris if Harris would renovate the Property and then pay rent on the Property.

39. The representations of material fact that Goins made to Harris were false.

40. Goins knew the representations of material fact he made to Harris were false, or were made recklessly without knowing them to be true.

41 Goins made the representations of material fact to Harris with the intent that Plaintiff would rely on the representations.

42. Harris reasonably relied on the representations made by Goins in renovating the Property and paying rent on the Property.

43. Goins made these representations of material fact to Harris with the present intent to deceive Harris as detailed in the foregoing paragraphs.

6

44. Goins actions towards Harris constituted actual fraud.

45. Harris suffered damages as a result of Goin's fraud, including financial and economic loss, out of pocket expenses, and emotional and mental distress.

46. Goins acted with actual malice toward Harris and under circumstances amounting to willful and wanton disregard of his rights. Harris is entitled to punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendant for monetary damages in access of $75,000, the exact amount to be proven at trial, plus punitive and exemplary damages, pre-judgment interest, costs and attorneys fees.

## COUNT V
(Promissory Estoppel)

47. Plaintiffs incorporate herein by reference the allegations contained in paragraphs 1 through 46 of this Complaint, and further allege against Defendant as follows:

48. Goins promised Harris that if Harris renovated the Property, Goins would sell Harris the Property and give Harris a credit for the value of his renovation and all rents paid on the Property.

49. Goins reasonably expected that his promise would induce Harris to renovate the Property and pay rents to Goins.

50. Harris reasonably relied on Goins' promise and renovated the Property and paid rents on the Property.

51. Harris has attempted to continue to pay rents on the Property and thereby purchase the Property, but Goins has refused to accept Harris' rental payments and otherwise has failed to adhere to his promise.

52. Injustice will result if Goins promise is not enforced.

53. As a result of Goins' failure to permit Harris to continue to pay rent and otherwise take actions to purchase the Property, Harris has suffered damage in an amount in excess of $75,000, the exact amount to be proven at trial.

WHEREFORE, Plaintiff demands judgment against Defendant for monetary damages in access of $75,000, the exact amount to be proven at trial, plus pre-judgment interest, costs and attorneys fees.

Respectfully submitted,

/s/ Geoffrey P. Gitner
Geoffrey P. Gitner (D.C. Bar No. 176479)
Law Offices of Geoffrey P. Gitner
Watergate, Twelfth Floor
600 New Hampshire Ave., N.W.
Washington, D.C. 20037
Ph: (202) 772-5926

Counsel to Plaintiff

## CERTIFICATE OF SERVICE

    I CERTIFY that on August 14, 2008 a copy of the foregoing Plaintiff's Motion for Leave to Amend Complaint was sent by electronic mail and first class mail, postage prepaid to:

Wendell C. Robinson, Esq.
4308 Georgia Avenue, N.W.
Washington, D.C. 20011
Counsel for Defendant

                                                        /s/ Geoffrey P. Gitner
                                                        Geoffrey P. Gitner

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| **DWIGHT V. HARRIS**<br><br>**Plaintiff,**<br><br>v.<br><br>**ALFRED GOINS, JR.**<br><br>**Defendant.** | Civil Action No.: 06-02257 (CKK) |

## ORDER

UPON CONSIDERATION of the Plaintiff's Motion for Leave to File Amended Complaint it is this _____ day of _____, 2008,

ORDERED that the motion is GRANTED. It is further ORDERED that the Clerk is directed to enter Plaintiff's Amended Complaint in the record.

BY THE COURT:

_____
Colleen Kollar-Kotelly, J.

COPIES TO:

Geoffrey P. Gitner, Esq.
Law Offices of Geoffrey P. Gitner
Watergate, Twelfth Floor
600 New Hampshire Ave., N.W.
Washington, D.C. 20037
Counsel to Plaintiff

Wendell C. Robinson, Esq.
4308 Georgia Avenue, N.W.
Washington, D.C. 20011
Counsel for Defendant

118839.00601/11752630v.1